UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DTEC, INC. and ESTHER COVIELLO as fiduciary of the estate of Domenic Coviello<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>JOHN F. KEILTY<br><br>    *Defendant*. | Civil No. 3:21cv1543 (JBA)<br><br>April 29, 2022 |

**RULING ON DEFENDANT'S MOTION TO REMAND**

Plaintiffs DTEC, Inc. and Esther Coviello brought this action against Defendants John F. Keilty and Hartford Financial Services Group, Inc. ("HFSG") in the Superior Court of Connecticut alleging negligence, breach of contract, and violations of the Connecticut Unfair Insurance Practices Act and Connecticut Unfair Trade Practices Act. (Notice of Removal [Doc. # 1] at 4.) Defendant HFSG removed the action to federal court, asserting that the claims against it were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, providing the Court with federal question jurisdiction.[1] (*Id.* at 3.) Defendant John F. Keilty moved to remand the claims against him. (Mot. to Remand [Doc. # 16] at 1.) No opposition was filed in response to Defendant Keilty's motion.

A case may be removed to a federal court only if it could have been brought there initially; in other words, the case must fall under a court's original jurisdiction. *See* 28 U.S.C. § 1441(a). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994). Under the "Unanimity Rule," where an action

---

[1] Subsequently, all claims against Defendant Hartford Financial Services Group, Inc. were dismissed with prejudice.

is removed "solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 682 (S.D.N.Y. 2017). But where an action involves a federal question and claims "not within the original or supplemental jurisdiction of the district court," 28 U.S.C. § 1441(c)(1)(B), "only defendants against whom a claim arising under the 'Constitution, laws or treaties of the United States' has been asserted need to consent to removal." *Brooks v. Foglio*, No. 13-2504 (JEI/JS), 2013 WL 3354430, at * 5 (D.N.J. July 2, 2013). Upon the removal of such an action, the district court "shall sever" the claims that do not fall within the court's original or supplemental jurisdiction and "remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(1)(2).

Defendant Keilty asserts that the claims against him should be severed and remanded under 28 U.S.C. § 1441(c)(2) because they do not fall within the Court's original or supplemental jurisdiction. (Mem. of L. in Supp. of Mot. to Remand [Doc. # 16-1] at 1.) Alternatively, if the Court concludes that these claims fall within its supplemental jurisdiction, Defendant Keilty argues that the entire case must be remanded because he never consented to removal—violating the rule of unanimity. (*Id.*) Both Defendants HSFG and Keilty agree that the claims against Keilty do not fall within the original or supplemental jurisdiction of the Court. (*See* Notice of Removal [Doc. # 1] at 4-5 (claims against Keilty are not preempted by ERISA because the "Complaint fails to allege that Keilty is a party to the underlying contracts" and the "breach of contract claim against Keilty is based solely on the allegations of Keilty's professional negligence"); Mem. of L. in Supp. of Mot. to Remand at 4 (claims against Keilty are "plainly rooted in state law").) Further, there is no dispute that Defendant HSFG did not obtain Keilty's consent to remove the action. (*See* Notice of Removal at 5 ("Keilty's consent is not required to remove the claims against HFSG.").)

Because the parties have not demonstrated that the claims against Defendant Keilty fall within the Court's original or supplemental jurisdiction, these claims are remanded to state court. 28 U.S.C. § 1441(c)(1)(2). Even if the Court were to consider whether the claims fell within the Court's supplemental jurisdiction, Defendant Keilty did not consent to the removal of the action, violating the Unanimity Rule and making removal improper.[2] *See Nguyen*, 282 F. Supp. 3d at 682 (quoting *Bank of Am. v. Angona,* No. 14-CV-1643 (JG), 2014 WL 1515559, at *3 (E.D.N.Y. 2014) ("Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity.")).

Based on the foregoing, Defendant Keilty's motion [Doc. # 16] to remand to state court is GRANTED. The Clerk is directed to remand this action to the Judicial District of Waterbury.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of April 2022.

---

[2] Moreover, all the claims against HSFG—providing the Court with original jurisdiction—have been dismissed [Doc. # 22]. *See* 28 U.S.C. § 1367 (c)(3) (the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").